### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 02-40004-WDS |
| | ) | |
| MARIO L. GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on limited remand from the United States Court of Appeals for the Seventh Circuit pursuant to *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005) to determine whether this Court would impose defendant's original sentence had the Sentencing Guidelines been merely advisory, *see, United States v. Gordon*, No. 04-2186 (7th Cir. 2006). In accordance with *Paladino*, this Court ordered the parties to submit their respective positions on the question whether, in light of the decision of the Supreme Court in *United States v. Booker*, 125 S. Ct. 783 (2005), the defendant's sentence was proper. The court in *Paladino* advised: "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence with an appropriate explanation" or advise the Seventh Circuit of the Court's desire to resentence the defendant. *Id.*

The Court has considered the entire record, including the briefs filed by counsel; the statutory factors of 18 U.S.C. § 3553(a); the Presentence Investigation Report; the now advisory sentencing guidelines; and the reasons for the original sentence imposed in this case. Upon review of the record, the Court finds that a hearing is not necessary in this case and advises the Court of

Appeals that it would impose the same sentence had the guidelines been merely advisory.

### FACTUAL BACKGROUND AND COURT'S FINDINGS AT SENTENCING

The defendant, Mario L. Gordon, a/k/a "Rio," was charged by the grand jury in a Third Superseding Indictment with cocaine base related offenses. Specifically, Count 1, charged that from on or about December 2001 to on or about February 5, 2002, the defendant, Mario L. Gordon, a/k/a "Rio," and Daniel W. Ross a/k/a "Chino," conspired together and with others known and unknown to the grand jury to knowingly and intentionally distribute and possess with intent to distribute 5 grams or more of a mixture and substance containing cocaine base, "crack cocaine," a Schedule II Narcotic Controlled Substance, all in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii), and all in violation of 21 U.S.C. § 846.

Count 2 charged that on or about January 29, 2002, the defendant, Mario L. Gordon, a/k/a "Rio," knowingly and intentionally possessed with intent to distribute a mixture and substance containing cocaine base, "crack cocaine," a Schedule II Narcotic Controlled Substance, all in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). The defendant was found guilty on January 15, 2004, on both counts after a three day jury trial. The jury returned a special verdict finding that the amount of crack cocaine proved by the government exceeded five grams.

At the disposition, the Court found, by a preponderance of the evidence, that the defendant was responsible for more than 500 grams of crack cocaine, but less than 1.5 kilograms. The Court further found from reliable testimony that the defendant, together with Kenneth Johns and co-defendant Ross, made multiple trips to Chicago to obtain and bring back crack cocaine to the Carbondale, Illinois area at the rate of every three to four days, carrying an amount of approxi-mately four ounces during each trip. The Court noted that at the time of the defendant's arrest he

2

had approximately 5.5 grams of crack cocaine in his car (Disposition Transcript at 21); that based upon the credible testimony of Mark Walker, a Carbondale Police officer who interviewed the defendant, that the defendant stated that he and co-defendant Ross, made several trips to and from Chicago on December 15, 19 and 25th, carrying with them during at least two of those trips, amounts totaling over 70 grams (*Id.*); that Ross brought 113.4 grams down to Carbondale (*Id.*); that the defendant had made two purchases from a new source, identified as "Chris," for a total of 42.5 grams (*Id.*); that the defendant admitted that the cocaine found in Brenda Ross' apartment was his, amounting to 80 rocks for a total of 20 grams (*Id.* at 21-22); and, that in January, Ross, when he was arrested, was found to be transporting 111.5 grams, all amounting to over 1,000 grams of crack cocaine (*Id.* at 22-23).

The Court enhanced the offense level by 2 points for possession of a gun,[1] based on the evidence at trial that the defendant possessed a gun during his drug transactions; that he admitted to his cell-mate that he had a gun because he thought he would be robbed;[2] and the credible testimony of government witness Brenda Greer that the defendant had a handgun.

In addition, the Court found that the defendant was a career offender based upon his convictions for two robberies.   The Court overruled defendant's objections to the career offender

---

[1]Although the defendant was not charged with an offence in violation of 18 U.S.C. §924(c) the Court specifically found that the defendant had a firearm as part of the offenses, and that the defendant had admitted to a cell-mate that he had carried a gun for protection. Therefore, the Court increased his offense level from a base level of 36 to a level 38, U.S.S.G. §2D1.1(b)(1).

[2]This admission corroborated what the witness Johns had told the investigating officers, that Johns and Ross gave a gun to the defendant when they came to bond him out on an unrelated domestic battery case and that the gun was for him to use to protect the crack cocaine and money.

status and found that the two robberies, although they occurred on the same day, involved different

people at different times and were separate incidents, not the same, single crime.

The defendant presented argument on the defendant's background and emotional stability,

which the Court considered in mitigation.  This included, evidence that the defendant had issues

with his emotional stability, in part, based on the fact that the defendant was raised by his mother,

without a father-figure present.  That the defendant's mother had a history of substance abuse.  That

his maternal grandmother and step-grandfather were involved in drug distribution.  That the

defendant has a history of health problems, primarily related to asthma symptoms, and that the

defendant has previously attempted suicide.

The aggravating factors considered by the Court were the large amounts of drugs involved

in this conspiracy and the fact that the defendant's criminal history made him a career offender.

Based on these findings, the Court sentenced the defendant to a term at the low end of the

guideline range under the sentencing guidelines, which the Court found to be sufficient to punish

the defendant for the crime he committed as well as to act as a deterrent to others.  The sentence

imposed was 360 months on Count 1, and a term of 240 months on Count 2, said terms to run

concurrently; a term of supervised release of five years on Count 1 and a term of 3 years on Count

2, terms to run concurrently; special assessments of $100 on each of Counts 1 and 2 and, in

addition, the Court departed downward on the minimum fine range and imposed a fine of  $500 on

the defendant.

**LIMITED REMAND REVIEW**

1.      **Government's Motion to Strike**

As part of its sentencing brief, the government seeks to strike those portions of the defen-

4

dant's sentencing brief addressed to the Career Offender status because the defendant has attached

additional information in the form of two state court transcripts, and the docket from one of his state

cases, and this information was not part of the material originally presented to the Court at the time

of sentencing.  The government asserts that this additional material exceeds the scope of the

appellate court's limited remand.   In fact, the function of the remand in this case is to allow this

Court to determine whether it would have given the same sentence to the defendant if the Court had

realized that the guidelines were merely advisory, *United States v. Welch*, 429 F.3d 702, 704 (7th

Cir. 2005).  The purpose of this limited remand, therefore,  is not to re-visit issues such as the

Court's determination of the defendant's status as a career offender.  However, even if the Court

were to consider this issue, the Court remains persuaded that it properly determined that the two

robberies were not related and were two separate offenses for sentencing purposes.  The Court,

therefore, would now determine the defendant's criminal history category under the advisory

guidelines, §4A1.2(a)(2), to be the same.   The Court specifically  rejects defendant's renewed

argument that it should consider his prior robbery convictions as one offense for purposes of

calculating his criminal history category, and the motion to strike is, accordingly **GRANTED**.

        2.      **Sentencing Considerations under 18 U.S.C. §3553(a)**

      The language of 18 U.S.C. § 3553(a) provides several factors which are to be considered

when imposing a sentence.   The guidance given in the statutory language is that "The court shall

impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the

statute.   As set forth in the statute, the sentencing court is to consider: a) The nature and circum-

stances of the offense and the history and characteristics of the defendant § 3553(a)(1); b) and the

sentence should: reflect the seriousness of the offense, § 3553(a)(2)(A); promote the respect for

law, § 3553(a)(2)(A); provide just punishment for the offense, § 3553(a)(2)(A); afford adequate

deterrence to criminal conduct, § 3553(a)(2)(B); protect the public from further crimes of the

defendant,§ 3553(a)(2)(C); and, provide the defendant with the needed educational or vocational

training, medical care or other correctional treatment in the most effective manor, § 3553(a)(2)(D).

The Seventh Circuit has made it clear that post *Booker,* sentencing determinations should be

made on a preponderance of the evidence standard. "The remedial portion of *Booker* held that

decisions about sentencing factors will continue to be made by judges, on the preponderance of the

evidence, an approach that comports with the sixth amendment so long as the guidelines system has

some flexibility in application." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005).

Therefore, to the extent that the defendant raises a challenge based on the preponderance of the

evidence findings by the Court of the defendant's offense level and criminal history category, the

Court rejects those challenges.

In *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005), the Seventh Circuit held that

"any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presump-

tion of reasonableness."   At sentencing, this Court gave consideration to the then-in-effect

Sentencing Guidelines, the defendant's criminal history, the evidence adduced at trial, including

evidence of the amounts of crack cocaine involved in this conspiracy, and the jury's finding that the

government had proved that the amount of crack cocaine which the defendant was responsible for

was in excess of five grams, and evidence that the defendant possessed a firearm.  The Court

specifically rejected the defendant's assertion that his prior felony offenses should be considered as

one offense for purposes of determining his criminal history category.

The Court has considered the sentencing factors set out in 18 U.S.C. § 3553(a), and has

reviewed the mitigating evidence and aggravating evidence presented at the time of sentencing.  In light of this review, the Court determines that if this matter were remanded for re-sentencing, the Court  would impose the same sentence on the defendant.

As previously noted, at the sentencing hearing, the Court determined that the conspiracy had conservatively involved more than 1000 grams of crack cocaine, and that the defendant possessed a firearm during the commission of the charged offenses. The Court also determined that the defendant's prior armed robbery convictions were separate offenses, making him eligible for career offender status. This sentence of 360 months was at the low end of the guideline range and reflects the seriousness of defendant's offense, promotes respect for the law, and protects the public from further crimes of this defendant.  *See* 18 U.S.C. § 3553(a)(2). The Court has fully considered the nature of this offense, and defendant's personal history and characteristics, and all mitigating evidence in the record. *See id.* at § 3553(a)(1).

For the reasons listed above, the Court **FINDS** that the defendant has not overcome the rebuttable presumption that his sentence is reasonable. *See Mykytiuk*, 415 F.3d at 608 ("This is a deferential standard . . .  The defendant can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in § 3553(a).").

**IT IS SO ORDERED.**

**DATED: April 28, 2006.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**