IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 02-CV-40004-SMY |
| MARIO L. GORDON, | ) ) ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Mario Gordon's *pro se* Motion for Reconsideration to Supplement Sentencing Disposition on Prior Offenses (Doc. 336). Gordon seeks to supplement his prior criminal convictions, consolidate his sentences, and moves that this Court vacate his sentence. For the following reasons, the motion is **DENIED**.

Gordon was convicted in 2005 and his conviction was affirmed on appeal. Gordon then filed a post-conviction habeas motion which was dismissed and affirmed on appeal (*see Gordon v. United States,* Doc. 33, 06-CV-1006-WDS). He sought leave to file a second or successive petition for habeas relief, which was denied in the instant criminal action (*see* Doc. 284).

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Here, a preliminary review of Gordon's motion shows that it must be dismissed as an unauthorized successive habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Gordon previously filed a § 2255 petition and received a full round of collateral review. The present motion is his third attempt at relief under § 2255, and as such, requires prior approval from the Seventh Circuit. There is no indication, however, that Gordon has sought permission from the Seventh Circuit to file a successive § 2255 petition. Therefore, this Court is without jurisdiction to consider the pending motion and it must be dismissed. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)). Accordingly, Gordon's motion is denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong."

*United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, Gordon did not obtain leave to file a successive § 2255 petition. Therefore, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: April 13, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**